1

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
CAROLINE S. EMHARDT (SBN 321222)
*caroline@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALLIE GREEN, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>Defendant. | Case No: 22-cv-3931<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>**CAL. CIV. CODE §§ 1750 *ET SEQ.*;**<br>**CAL. BUS. & PROF. CODE §§17500 *ET SEQ.*;**<br>**CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*;**<br>**FOR BREACH OF EXPRESS & IMPLIED WARRANTIES;**<br>**FOR INTENTIONAL & NEGLIGENT MISREPRESENTATION; AND**<br>**UNJUST ENRICHMENT.**<br>DEMAND FOR JURY TRIAL |

Plaintiff Callie Green, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, brings this action against The Hain Celestial Group, Inc. ("Hain Celestial") and alleges the following upon her own personal knowledge or, where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

## SUMMARY OF CASE

1.      Hain Celestial is the manufacturer and seller of various powdered Earth's Best Infant Formulas, which it represents make a certain number of bottles (the "Earth's Best Powder Formulas"[1]). However, following the label directions results in fewer bottles than Hain Celestial promises, short-selling the consumer.

2.      For example, the front of a 32 oz. Earth's Best Organic Dairy Infant Formula with Iron label prominently represents that it "MAKES 58 4 FL OZ BOTTLES," within a picture of a baby bottle and the statement "50% MORE." Those representations are false, however, because following the back-label "EASY DIRECTIONS FOR PREPARATION AND USE," which explain how "To Make" a "4 oz bottle," yields only 52 4-oz. bottles—not 58 (a more than 10% difference).

3.      Plaintiff brings this action to enjoin Hain Celestial from continuing to falsely advertise the Earth's Best Powder Formulas in this manner, and to recover restitution and damages for herself and other purchasers.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from Hain Celestial. In addition, more than two-thirds of the members of the class reside in states other than the state in which Hain Celestial is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

5.      The Court has personal jurisdiction over Hain Celestial pursuant to Cal. Code Civ. P. § 410.10,

---

[1] These include at least the following Earth's Best Organic Infant Formulas: (i) Organic Dairy Infant Formula with Iron, and (ii) Organic Sensitivity Infant Formula with Iron. To the extent that Earth's Best manufactures additional infant formula with misleading claims regarding that number of bottles it makes, as alleged herein, the Complaint should be read to include, rather than exclude, those products.

as a result of Hain Celestial's substantial, continuous and systematic contacts with the state and because Hain Celestial has purposely availed itself of the benefits and privileges of conducting business activities within the state, including by distributing and selling the Earth's Best Powder Formulas in California.

6.    Venue is proper in this Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Hain Celestial resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## DIVISIONAL ASSIGNMENT

7.    This civil action arises out of the acts and omissions of Defendants, which occurred in Contra Costa County. Pursuant to Civil Local Rule 3-2(c), (d), this action is correctly assigned to the San Francisco or Oakland Division.

## PARTIES

8.    Plaintiff Callie Green is a resident of San Pablo, California.

9.    Defendant Hain Celestial is a Delaware corporation with its principal place of business in Lake Success, New York.

## FACTS

10.    Hain Celestial manufactures, markets, and sells the Earth's Best Powder Formulas set forth below. The Earth's Best Powder Formulas are not ready-to-use; instead, the purchaser must first mix with water, using an enclosed scoop provided by Hain Celestial and following specific directions on the label, before feeding to an infant.

11.    On each package of Earth's Best Powder Formula, Hain Celestial prominently claims the product makes a certain number of bottles of prepared formula. These statements are false or misleading because—given the dilution instructions set forth on label panel of each Earth's Best Powder Formula—the number of bottles Hain Celestial represents each product makes is not what each product actually makes when mixed with water according to Hain Celestial's own instructions, and thus the value is not what Hain Celestial represents.

12.    Exemplars of the Earth's Best Powder Formulas' packaging is shown below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16      13.      For example, a 32 oz container of Earth's Best Organic Dairy Infant Formula with Iron says

17  "MAKES 58 4 FL OZ BOTTLES" bottles. The on-label "EASY DIRECTIONS FOR PREPARATION AND

18  USE," say "To Make" a "4 oz bottle," add "Water" in the amount of "4 fl oz" and "Powder" in the amount

19  of "2 unpacked level scoops (17.4 g)." Contrary to Hain Celestial's representation, following these

20  instructions yields only ***52.1*** 4-ounce bottles, not 58. Thus, consumers can make only approximately 90

21  percent of the bottles Hain Celestial promises. See back of label exemplar below.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17    14.    Hain Celestial consistently employs this misleading practice across both of the challenged

18 products. Each Earth's Best Powder Formula makes fewer bottles than Hain Celestial represents, making

19 them underfilled by 10.13%.

20    15.    Because the Earth's Best Powder Formulas are typically used over the course of several days

21 or weeks, with sometimes varying bottle sizes, consumers are unlikely to notice the discrepancy through

22 normal use of the Earth's Best Powder Formulas.

23    16.    Hain Celestial also markets the Earth's Best Powder Formulas with a value proposition that

24 misleadingly imply the products provide a better value than competing formula products when considering

25 the products' relative prices and the number of bottles of formula the Earth's Best Powder Formulas

26 supposedly make, by claiming "50% MORE*" in large, bold font at the top of the label (and in substantially

27 smaller text below: *than organic dairy 21 oz.)."

28

**PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY**

17.     Beginning in approximately February 2020, with her last purchase in March 2021, Plaintiff Callie Green purchased the 32 ounce container of Earth's Best Organic Dairy Infant Formula with Iron on several occasions, from Target in Richmond, CA and Pinole, CA, and the Walmart in Richmond, CA. In purchasing Earth's Best Organic Dairy Infant Formula with Iron, Plaintiff relied on statements on the products' labels representing the number of bottles the container would make.

18.     Those representations were false, however, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably because, as described herein, the Earth's Best Powder Formulas *do not* yield the number of bottles promised when following the preparation instructions provided and set forth on the products' labels.

19.     By representing the number of bottles Plaintiff was supposedly buying, Hain Celestial implicitly also represented the product's value to Plaintiff. That representation, however, was false because, based on Hain Celestial's preparation instructions, the Earth's Best Powder Formulas were under-filled, such that Plaintiff received a different and substantially lesser value—one with a higher cost—than Hain Celestial represented. Accordingly, Plaintiff did not obtain the benefit of her bargain and her expectations were not met.

20.     In addition, Plaintiff paid substantially more than the market value represented by the price she and Hain Celestial bargained for. Like other consumer Class Members, Plaintiff bargained with Hain Celestial on a particular market value for a certain number of bottles of infant formula made by mixing the powder with water as instructed. But because Hain Celestial only delivered a portion of those bottles, Plaintiff paid a price-per-bottle that was significantly higher than reflected in the market price to which she and Hain Celestial agreed, and received a number of bottles that was lower than Hain Celestial promised. For these reasons, the Powder Formulas Plaintiff purchased were worth less than what she paid for them.

21.     By falsely representing the number of bottles provided, and thereby the products' value, Hain Celestial obtained enhanced negotiating leverage allowing it to command a price Plaintiff and other Class members would not have paid had they been fully informed.

22.     The Earth's Best Powder Formulas cost more than similar products without misleading labeling, and would have cost less absent the false and misleading statements complained of herein.

5

23.     Absent the false and misleading labeling complained of herein, Plaintiff and other Class members would only have been willing to pay less for the Earth's Best Powder Formulas.

24.     By use of its misleading labeling, Hain Celestial created increased marketplace demand for the Earth's Best Powder Formulas, and increased its market share relative to what its demand and share would have been had Hain Celestial labeled the Earth's Best Powder Formulas truthfully.

25.     Plaintiff and other Class members lost money as a result of Hain Celestial's deceptive claims and practices in that they did not receive what they paid for when purchasing the Earth's Best Powder Formulas, which were underfilled. Plaintiff and other Class members detrimentally altered their position and suffered damages in an amount of the under-filled portion of their Earth's Best Powder Formula purchases.

26.     Because infant formula is usually only needed for the first year of a child's life, after which many consumers will no longer be in the market for the Earth's Best Powder Formulas, Hain Celestial's conduct is capable of repetition yet evading review.

27.     The duration of the harm to Plaintiff and other Class members is too short to be fully litigated before the harm ceases and there is a reasonable expectation that the harm will occur again if Hain Celestial remains free to market the Earth's Best Powder Formulas as capable of making more bottles than each package actually makes when following the on-label instructions for preparing formula.

28.     Without prospective injunctive relief requiring Hain Celestial to label the products in a truthful manner, consumers will be unable to determine whether a future label bearing similar claims is valid, or whether Hain Celestial has simply resumed misleading behavior, and thus will be unable to decide, fully informed, how best to spend their money.

29.     Plaintiff continues to regularly shop at stores where the Earth's Best Powder Formulas are sold. The continued use of the challenged claims on the products labeling threatens to repeatedly infringe upon Plaintiff's substantive rights, under California's consumer protection statutes, to be free from fraud in the marketplace.

30.     Plaintiff's legal remedies are inadequate to prevent these future injuries.

## CLASS ACTION ALLEGATIONS

31.     While reserving the right to redefine or amend the class definition prior to seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a Class of all persons

who, on or after July 5, 2022, 2018 (the "Class Period"), purchased in California for personal or household use and not for resale or distribution, Earth's Best Powder Formulas in packaging whose label stated that the product 'MAKES" any specified number of bottles.

32.    The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

33.    Questions of law and fact common to Plaintiff and the Class include:

a.    whether by mixing according to the instructions on the back label of the Earth's Best Powder Formulas would result in the specified number of bottles stated on the label;

b.    whether "MAKES 58 4 FL OZ BOTTLES" is material;

c.    whether a reasonable consumer believes that "MAKES 58 4 FL OZ BOTTLES" means the product will make that number of bottles when following the back label mixing instructions;

d.    whether Hain Celestial's conduct violates public policy;

e.    whether the gravity of the harm caused by Hain Celestial's conduct outweighs its utility;

f.    the proper amount of damages, including punitive damages;

g.    the proper amount of restitution;

h.    the proper scope of injunctive relief, including corrective advertising and recall from the marketplace; and

i.    the proper amount of attorneys' fees.

34.    These common questions of law and fact predominate over questions that affect only individual Class members.

35.    Plaintiff's claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to Hain Celestial's conduct. Specifically, all Class members, including Plaintiff, were subjected to the same misleading, deceptive, and unfair conduct when they purchased the Earth's Best Powder Formulas, and suffered economic injury because the products are misrepresented and underfilled in the same manner. Absent Hain Celestial's business practice of deceptively

and unlawfully labeling the Earth's Best Powder Formulas, and unfairly underfilling gthem, Plaintiff and other Class members would have paid less for the Earth's Best Powder Formulas.

36.     Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving false and misleading advertising.

37.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

38.     Hain Celestial has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

39.     As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate, pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.***

40.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

41.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

42.     Hain Celestial's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of Hain Celestial's Earth's Best Powder Formulas for personal, family, or household purposes by Plaintiff and other Class members, and violated and continue to violate at least the following sections of the CLRA:

       a.      § 1770(a)(5): Representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have;

       b.      § 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

c.    § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

d.    § 1770(a)(16): Representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

43.    Hain Celestial profited from its sales of the falsely, deceptively, and unlawfully advertised Earth's Best Powder Formulas to unwary consumers.

44.    Hain Celestial's wrongful business practices regarding the Earth's Best Powder Formulas constituted, and constitute, a continuing course of conduct in violation of the CLRA.

45.    In compliance with Cal. Civ. Code § 1782, Plaintiff sent written notice to Hain Celestial of her claims, but Hain Celestial has failed, after 30 days, to satisfy Plaintiff's demand or to rectify the behavior. Accordingly, Plaintiff, on behalf of herself and the Class, seeks injunctive relief, restitution, statutory damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

46.    In compliance with Cal. Civ. Code § 1782(d), an affidavit of venue is filed concurrently herewith.

47.    Because these claims are subject to a three-year statute of limitations, while Plaintiff's claims for restitution under the UCL are subject to a four-year statute of limitations, and because Plaintiff's claims under the UCL's "unfair" and "unlawful" prongs are subject to different elements and standards, Plaintiff's legal remedies under the CLRA are inadequate to fully compensate Plaintiff for all of Hain Celestial's challenged behavior.

**SECOND CAUSE OF ACTION**

**Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.***

48.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

49.    Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

50.    As alleged herein, the advertisements, labeling, policies, acts, and practices of Hain Celestial relating to its Earth's Best Powder Formulas misled consumers acting reasonably as to the number of bottles

it could make following the directions for mixing.

51.     Plaintiff suffered injury in fact as a result of Hain Celestial's actions as set forth herein because Plaintiff purchased Earth's Best Powder Formulas in reliance on Hain Celestial's false and misleading marketing claims that the products "MAKE 58 4 FL OZ BOTTLES", when following the instructions on the back panel, as instructed and advertised by Hain Celestial.

52.     Hain Celestial's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Hain Celestial has advertised the Earth's Best Powder Formulas in a manner that is untrue and misleading, which Hain Celestial knew or reasonably should have known.

53.     Hain Celestial profited from its sales of the falsely and deceptively advertised Earth's Best Products to unwary consumers.

54.     As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the Class are entitled to injunctive and equitable relief and restitution.

55.     Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA or commercial code (for Plaintiff's breach of warranty claims), and restitution is not limited to returning to Plaintiff and class members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA and commercial code are more limited than the equitable remedies available under the FAL, and are therefore inadequate. Moreover, Plaintiff challenges more labeling statements as violating the FAL than they do as breaching Hain Celestial's warranties, such that their legal remedies under the commercial code are inadequate.

## THIRD CAUSE OF ACTION

### Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

56.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

57.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

58.     The acts, omissions, misrepresentations, practices, and non-disclosures of Hain Celestial as alleged herein constitute business acts and practices.

**Fraudulent Prong**

59.     A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

60.     As set forth herein,  Hain Celestial's labeling claims relating to the number of bottles Earth's Best Powder Formulas make and the value they present are likely to deceive reasonable consumers and the public.

**Unlawful Prong**

61.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the CLRA and FAL.

62.     Because Plaintiff's claims under the "unlawful" prong of the UCL have a longer statute of limitations and sweep more broadly than their claims under the FAL or CLRA, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Hain Celestial's challenged behavior.

**Unfair Prong**

63.     Hain Celestial's conduct with respect to the manufacturing, labeling, advertising, and sale of the Earth's Best Powder Formulas is unfair because Hain Celestial's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

64.     Hain Celestial's conduct with respect to the manufacturing, labeling, advertising, and sale of the Earth's Best Powder Formulas was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the False Advertising Law.

65.     Hain Celestial's conduct with respect to the manufacturing, labeling, advertising, and sale of the Earth's Best Powder Formulas was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

66.     Because Plaintiff's claims under the "unfair" prong of the UCL has a longer statute of limitations and sweep more broadly than her claims under the FAL or CLRA, Plaintiff's legal remedies are

inadequate to fully compensate Plaintiff for all of Hain Celestial's challenged behavior.

\*                    \*                    \*

67.   Hain Celestial profited from its sale of the falsely, deceptively, and unlawfully advertised Earth's Best Powder Formulas to unwary consumers.

68.   Plaintiff and other Class Members are likely to be damaged by Hain Celestial's deceptive trade practices, as Hain Celestial continues to disseminate, and is otherwise free to continue to disseminate false and misleading information. Thus, injunctive relief enjoining its deceptive practices is proper.

69.   Hain Celestial's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members, who have suffered injury in fact as a result of Hain Celestial's fraudulent, unlawful, and unfair conduct.

70.   In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself, the Class, and the general public, seeks an order enjoining Hain Celestial from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

71.   Plaintiff, on behalf of herself and the Class also seeks an order for the restitution of all monies from the sale of the Earth's Best Powder Formulas that Hain Celestial unjustly acquired through acts of unlawful competition.

**FOURTH CAUSE OF ACTION**

**Breach of Express Warranty, Cal. Com. Code § 2313(1)**

72.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

73.   Through the Earth's Best Powder Formulas' labels, Hain Celestial made affirmations of fact or promises, or description of goods, that, *inter alia*, the products make a certain number of bottles when following the preparation instructions provided. These representations were part of the basis of the bargain, in that Plaintiff and the Class purchased the Earth's Best Powder Formulas in reasonable reliance on those statements. Cal. Com. Code § 2313(1). These affirmations and descriptions include:

    a.   Earth's Best Organic Dairy Infant Formula with Iron

      • "MAKES 58 4 fl oz BOTTLES"

    b.   Earth's Best Organic Sensitivity Infant Formula with Iron

1            • "MAKES 58 4 fl oz BOTTLES"

2       74.    Hain Celestial breached its express warranties by selling Earth's Best Powder Formulas that

3   do not make the number of bottles promised.

4       75.    That breach actually and proximately caused injury in the form of the lost purchase price, or

5   some portion thereof, that Plaintiff and Class members paid for the Earth's Best Powder Formulas.

6       76.    Plaintiff gave Hain Celestial notice of the breach prior to filing the lawsuit, but Hain Celestial

7   failed to remedy the breach.

8       77.    As a result, Plaintiff seeks, on behalf of herself and the Class, actual damages arising as a

9   result of Hain Celestial's breaches of express warranty, including without limitation, their expectation

10  damages.

11      78.    Because Plaintiff's breach of express warranty claims concern only a subset of the statements

12  Plaintiff challenges under the UCL and FAL, her legal remedies under the Commercial Code are inadequate

13  to fully compensate Plaintiff for all of Hain Celestial's challenged behavior.

14                          **FIFTH CAUSE OF ACTION**

15      **Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314**

16      79.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth

17  in full herein.

18      80.    Hain Celestial, through its acts set forth herein, in the sale, marketing, and promotion of the

19  Earth's Best Powder Formulas, made representations to Plaintiff and the Class that, among other things, the

20  products yield the number of bottles promised when prepared according to the instructions provided.

21      81.    Hain Celestial is a merchant with respect to the goods of this kind which were sold to Plaintiff

22  and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those

23  goods were merchantable.

24      82.    However, Hain Celestial breached that implied warranty in that the Earth's Best Powder

25  Formulas do not make the number of bottles promised.

26      83.    As an actual and proximate result of Hain Celestial's conduct, Plaintiff and other Class

27  Members did not receive goods as impliedly warranted by Hain Celestial to be merchantable in that they did

28  not conform to promises and affirmations made on the container or label of the goods.

84.     Plaintiff gave Hain Celestial notice of the breach prior to filing the lawsuit, but Hain Celestial failed to remedy the breach.

85.     Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the number of the Earth's Best Powder Formulas' purchase prices, or some portion thereof.

86.     Because Plaintiff's breach of express warranty claims concern only a subset of the statements Plaintiff challenges under the UCL and FAL, her legal remedies under the Commercial Code are inadequate to fully compensate Plaintiff for all of Hain Celestial's challenged behavior.

### SIXTH CAUSE OF ACTION

### Intentional Misrepresentation

87.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

88.     Hain Celestial marketed the Earth's Best Powder Formulas in a manner indicating that they contain enough powdered formula to make a specific number of bottles. However, the Earth's Best Powder Formulas cannot make the represented number of bottles. Therefore, Hain Celestial has made misrepresentations about the Earth's Best Powder Formulas.

89.     Hain Celestial's misrepresentations regarding the Earth's Best Powder Formulas are material to a reasonable consumer because they relate to the amount of bottles the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

90.     At all relevant times when such misrepresentations were made, Hain Celestial knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

91.     Hain Celestial intends that Plaintiff and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the Earth's Best Powder Formulas' packaging by Hain Celestial.

92.     Plaintiff and members of the Class have reasonably and justifiably relied on Hain Celestial's intentional misrepresentations when purchasing the Earth's Best Powder Formulas, and had the correct facts

1   been known, would not have purchased them at the prices at which they were offered.

2        93.    Therefore, as a direct and proximate result of Hain Celestial's intentional misrepresentations,

3   Plaintiff and members of the Class have suffered economic losses and other general and specific damages,

4   in the amount of the Earth's Best Powder Formulas' purchase prices, or some portion thereof, and any interest

5   that would have accrued on those monies, all in an amount to be proven at trial.

6                              **SEVENTH CAUSE OF ACTION**

7                              **Negligent Misrepresentation**

8        94.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth

9   in full herein.

10       95.    Hain Celestial marketed the Earth's Best Powder Formulas in a manner indicating that they

11  contain enough powdered formula to make a specific number of bottles. However, the Earth's Best Powder

12  Formulas cannot make the represented number of bottles. Therefore, Hain Celestial has made

13  misrepresentations about the Earth's Best Powder Formulas.

14       96.    Hain Celestial's misrepresentations regarding the Earth's Best Powder Formulas are material

15  to a reasonable consumer because they relate to the amount of product the consumer is receiving and paying

16  for. A reasonable consumer would attach importance to such representations and would be induced to act

17  thereon in making purchase decisions.

18       97.    At all relevant times when such misrepresentations were made, Hain Celestial knew or had

19  been negligent in not knowing that the Earth's Best Powder Formulas did not contain enough powdered

20  formula to make the promised number of bottles.  Hain Celestial had no reasonable grounds for believing its

21  misrepresentations were not false and misleading.

22       98.    Hain Celestial intends that Plaintiff and other consumers rely on these representations, as

23  evidenced by the intentional and conspicuous placement of the misleading representations on the Earth's

24  Best Powder Formulas' packaging by Hain Celestial.

25       99.    Plaintiff and members of the Class have reasonably and justifiably relied on Hain Celestial's

26  intentional misrepresentations when purchasing the Earth's Best Powder Formulas, and had the correct facts

27  been known, would not have purchased them at the prices at which they were offered.

28       100.   Therefore, as a direct and proximate result of Hain Celestial's negligent misrepresentations,

1  Plaintiff and members of the Class have suffered economic losses and other general and specific damages,

2  in the amount of the Earth's Best Powder Formulas' purchase prices, or some portion thereof, and any interest

3  that would have accrued on those monies, all in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**Unjust Enrichment**

6  101.   Plaintiff incorporates by reference the allegations of the preceding paragraphs, as though fully

7  set forth herein.

8  102.   By its wrongful acts described herein, Hain Celestial was unjustly enriched at the expense of

9  Plaintiff and other Class members.

10  103.   It would be inequitable for Hain Celestial to retain the profits, benefits, and other

11  compensation obtained from their wrongful conduct.

12  104.   Plaintiff, on behalf of herself and other Class members, seeks restitution from Hain Celestial,

13  and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained

14  through its wrongful conduct.

**<u>PRAYER FOR RELIEF</u>**

16  105.   Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public,

17  prays for judgment against Hain Celestial as to each and every cause of action, and the following remedies:

18      a.   an Order declaring this action to be a proper class action, appointing Plaintiff as class

19  representative, and appointing her undersigned counsel as class counsel;

20      b.   an Order requiring Hain Celestial to bear the cost of class notice;

21      c.   an Order enjoining Hain Celestial from engaging in the unfair, unlawful, and deceptive

22  business practices and false advertising complained of herein;

23      d.   an Order compelling Hain Celestial to conduct a corrective advertising campaign;

24      e.   an Order compelling Hain Celestial to recall and destroy all misleading and deceptive

25  advertising materials and product labels;

26      f.   an Order requiring Hain Celestial to disgorge all monies, revenues, and profits

27  obtained by means of any wrongful act or practice;

28      g.   an Order requiring Hain Celestial to pay restitution to restore all funds acquired by

16

means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

      h.    an Order requiring Hain Celestial to pay all actual, statutory, compensatory, and punitive damages permitted under the causes of action alleged herein;

      i.    pre- and post-judgment interest;

      j.    an award of attorneys' fees and costs; and

      k.    any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 5, 2022

                    /s/ Melanie Persinger

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN
*trevor@fitzgeraldjoseph.com*
CAROLINE S. EMHARDT
*caroline@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***